UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal No. 03-0301 (PLF) |
| | ) | |
| QUINN E. JOHNSON, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

MEMORANDUM OPINION AND ORDER

After pleading guilty to a charge of Unlawful Distribution of Five Grams or More of Cocaine Base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), defendant Quinn E. Johnson was sentenced on May 11, 2004, to a 51-month term of imprisonment followed by three years of supervised release. The length of Mr. Johnson's term of imprisonment was determined based on the United States Sentencing Guidelines, pursuant to which Mr. Johnson's offense level was determined to be 21 with Criminal History Category II, yielding a Guidelines sentencing range of 41 to 51 months. Mr. Johnson's supervised release term was dictated by 21 U.S.C. § 841(b)(1)(C), which provided then, as it does now, that any defendant sentenced to a term of imprisonment in connection with a violation of 21 U.S.C. § 841(a) involving a Schedule I or II controlled substance must serve at least three years of supervised release after completion of the term of imprisonment. See 21 U.S.C. § 841(b)(1)(C).

On November 1, 2007, the Sentencing Commission amended the Guidelines, reducing by two the base offense levels for offenses involving crack cocaine. See USSG, Supp. to App. C, Amendments 706, 711 (Nov. 1, 2007). As of March 3, 2008, that amendment was made retroactive, meaning that it could be applied in the cases of criminal defendants who had

been sentenced under the Guidelines in connection with crack cocaine offenses prior to November 1, 2007. See USSG § 1B1.10(c); id., Supp. to App. C, Amendment 713 (Nov. 1, 2008).

Mr. Johnson filed an unopposed motion for a reduced sentence under the amended Guidelines on February 13, 2008. The Court granted his motion for a reduced sentence and decreased Mr. Johnson's term of imprisonment from 51 to 41 months. See Amended Order, Docket No. 22 (Feb. 27, 2008). By February 2008, however, Mr. Johnson had already served more than 41 months — in fact, nearly 51 months — in prison. See Unopposed Motion to Reduce Sentence at 2. Thus, because the relevant amendments to the Sentencing Guidelines took effect just before his original release date, Mr. Johnson was not spared much time in prison.

Presumably appealing to the Court's sense of equity, Mr. Johnson has moved for the reduction in the term of imprisonment to which he was entitled under the amended Sentencing Guidelines to be applied instead to his three-year term of supervised release. See Letter Requesting a Reduction of Probation. The Court, however, is not authorized to grant Mr. Johnson that relief. Mr. Johnson was sentenced to the minimum term of supervised release allowable by statute. See 21 U.S.C. § 841(b)(1)(C). The amendments to the Sentencing Guidelines had no effect on that statutory requirement. Accordingly, it is hereby

ORDERED that [27] Mr. Johnson's request for a reduced term of supervised release is DENIED.

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE:   June 28, 2011

2